UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTUMN LARBI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-CV-2868-X |
| UPLIFT EDUCATION and RAQUEL GALVAN, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Raquel Galvan's motion to dismiss. (Doc. 7). After reviewing the briefing and the relevant caselaw, the Court **GRANTS** the motion to dismiss as to Defendant Raquel Galvan and **GRANTS LEAVE** to Autumn Larbi to file an amended complaint to address the deficiencies identified in this order within 28 days of the date of this order.

### I. Factual Background

This case concerns the firing of Autumn Larbi from Wisdom Preparatory High School, a charter school in Texas. At the 2021 Winter Dance, Larbi, a Dean at the school, saw three teachers bringing alcohol in the school gym. She told an administrator, Colin Davis, that the three teachers had alcohol in their cups. Then someone (the pleading is unclear about who) reported "[a]lcohol abuse" to human resources.[1] Then, Larbi asserts that she suffered a cascading series of abuses,

---

[1] Doc. 1-1 at 56.

1

including being "verbally attacked,"[2] being bullied, and being kept out of an instructional planning meeting.  Eventually, in a September 2, 2022 meeting Larbi allegedly flipped a table over and was subsequently written up and placed on leave.  In the end, Uplift Education fired her on April 20, 2023.  This suit followed.

## II.  Legal Standards

For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3]  To do so, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  In assessing this motion, the court must accept all factual allegations as true, but need not defer to conclusory legal statements.[5]  Thus, to be considered plausible, the complaint must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]

## III.  Analysis

*Texas Commission on Human Rights Act and Title VII.*  Larbi sues Galvan under the Texas Commission on Human Rights Act.  The problem is that Galvan was merely a supervisor and not Larbi's "employer."  Because under Texas law, a person

---

[2] Doc. 1-1 at 56.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[4] *Id.*

[5] *Id.*

[6] *Id.*

cannot be liable under the Act, her claim (to the extent there is one) arising under the Act must be dismissed.[7] The same goes for Title VII.[8]

*Section 1983.* First, Larbi abandoned her section 1983 claims against Galvan in her official capacity by failing to respond to Galvan's argument. The following claims concern Galvan's individual capacity.

Larbi asserts that Galvan is not entitled to qualified immunity at this point in the litigation because she has "self-voided" her qualified immunity and she has not established her conduct was within the scope of her discretionary authority.[9] Larbi is right that it is Galvan's burden to establish that "the challenged conduct was within the scope of [her] discretionary authority."[10] In this case, however, Galvan has yet to put on evidence of this. As a result, it would be premature to determine her qualified immunity. Regardless, Larbi has failed to state the following claims.

*Property interests.* "Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."[11] Under Texas law, "there exists a presumption that employment is at-will unless that relationship has been expressly altered, either by contract or by express rules limiting the conditions under

---

[7] *Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 649 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

[8] *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324, 328 n.1 (5th Cir. 2024).

[9] Doc. 10 at 12.

[10] *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 318 (5th Cir. 2019).

[11] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (cleaned up).

which an employee may be terminated."[12] But any "agreement to modify the at-will relationship, however, must be clear and specific. In the context of public employment, any ambiguity is resolved in favor of the state."[13]

The complaint contains nothing about any employment contract, at will or otherwise. Because the presumption in Texas is at-will employment, and Larbi pleaded nothing to the contrary, she has failed to plead a violation of her property interests.

*Liberty interests.* A claim for a violation of a liberty interest by a public employee only exists when the employee "is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities."[14] There are seven elements for the Fifth Circuit's test on this point. "The plaintiff must show: (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request."[15] The complaint falls far short of satisfying this test and, as a result, the claim must be dismissed.

*Protected speech retaliation.* To state a violation of Larbi's First Amendment rights as a public employee, she must show that: "(1) she suffered an adverse

---

[12] *Rodriguez v. Escalon*, 90 F. App'x 776, 778 (5th Cir. 2004) (cleaned up).

[13] *Id.* (cleaned up).

[14] *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (cleaned up).

[15] *Id.* (cleaned up).

employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) her speech motivated the employer's adverse action."[16] And "[w]hether the speech at issue is on a matter of public concern is a question of law that must be determined by the court."[17]

The complaint alleged that Galvan violated Larbi's First Amendment rights. She alleges she engaged in protected speech when she "called the hand of various of her coworkers for violation state law."[18] The Court does not know what this means. Its meaning is even more muddled when, in passive voice, she alleged that "[a]lcohol abuse by employees was reported to Human Resources."[19] Generously interpreting that as alleging that she reported that some of her coworkers had alcohol at a school dance to human resources, it still is not speech on a matter of public concern. The first question to ask here is whether or not she "spoke as a citizen or as part of her public job."[20] In *Tucker v. Parish*,[21] the plaintiff, a probation officer, "reported the alleged forging of government documents" to three county judges within his chain of command.[22] There the Fifth Circuit affirmed a district court in dismissing the free speech claim when the plaintiff's speech "consisted of reporting information he gained

---

[16] *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006).

[17] *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005).

[18] Doc. 1-1 at 63.

[19] Doc. 1-1 at 56. Obviously, she could not have been fired for speech she did not make, if in fact, she did not make the report.

[20] *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008).

[21] 582 F. App'x 363 (5th Cir. 2014).

[22] *Id.* at 365.

because of his employment as a probation officer."[23] In short, accusing coworkers of malfeasance to human resources falls short of speaking as a citizen on a matter of public concern.

*Race discrimination.* As for this claim, Larbi failed to defend this claim and it is, therefore, abandoned.

## IV. Conclusion

For the foregoing reasons the Court **GRANTS** the motion to dismiss as to Defendant Raquel Galvan and **GRANTS LEAVE** to Larbi to file an amended complaint to address the deficiencies identified in this order within 28 days of the date of this order.

**IT IS SO ORDERED** this 20th day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] *Id.*